UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL C. JARVIS,

                Plaintiff,

  -against-

CAMBPELL & DAWES, LTD.,

                Defendant.
----------------------------------X

**MEMORANDUM AND ORDER ADOPTING IN PART & MODIFYING IN PART REPORT AND RECOMMENDATION**

11-CV-2259 (KAM)(SMG)

**MATSUMOTO, United States District Judge:**

      On May 10, 2011, plaintiff Daniel C. Jarvis, proceeding *pro se*, filed the instant action against his former employer Campbell & Dawes, Ltd., alleging discrimination in his employment based on his race and age. Specifically, plaintiff alleges that, between 2001 and 2009, he experienced unequal terms and conditions of his employment, was not promoted and was terminated because he is African-American and over 40 years old, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.[1] (*See generally* Compl., ECF No. 1.) Following discovery, on May 31, 2013, defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and, on August 29, 2013, the

---

[1] Although plaintiff alleges in his complaint that defendant's discriminatory acts continue to the present day, it is clear from defendant's statement pursuant to Local Civil Rule 56.1 ("Def. R. 56.1," ECF No. 38-2) and plaintiff's affidavit submitted in opposition to defendant's summary judgment motion ("Pl. Aff.") that plaintiff was terminated in 2009. (Def. R. 56.1 ¶ 23; Pl. Aff. ¶ 13.)

undersigned referred the motion to the Honorable Steven M. Gold for a Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b).[2] Chief Magistrate Judge Gold's Report and Recommendation ("R&R," ECF No. 44) is now before the court, and the deadline for objections by the parties has passed. Neither side has filed objections, although the defendant has submitted a supplemental affidavit pursuant to Chief Judge Gold's order in the R&R. (ECF No. 45.) For the reasons stated below, the R&R is respectfully adopted in major part and modified in part.

In reviewing a Report and Recommendation, a district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1

---

[2] Chief Magistrate Judge Gold observed that defendant's summary judgment submission to the court apparently did not comply with Local Civil Rule 56.2, which requires that a represented party moving for summary judgment against a *pro se* litigant serve and file a copy of the court's "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" and copies of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 with the other papers in support of summary judgment. (*See* R&R 1 n.1; Minute Entry dated Dec. 31, 2013, ECF No. 41.) Counsel for defendant avers that he served plaintiff with copies of the notice and the rules on April 12, 2013, at the same time he served plaintiff with the summary judgment motion. (ECF No. 43.) In any event, the court sent plaintiff additional copies of the required documents at Chief Judge Gold's direction and plaintiff was afforded additional time to decide whether to supplement his opposition. (Minute Entry dated Dec. 30, 2013.) The court therefore considers the summary judgment motion properly served on plaintiff.

(E.D.N.Y. Apr. 2, 2012) (citing Fed. R. Civ. P. 72(b)(3); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1). However, where, as here, no proper objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Having carefully reviewed both the R&R and the record in this case, the court concurs with Chief Judge Gold that plaintiff has not submitted any admissible evidence to show that his reduced over-scale rate and the fact that he was not promoted to foreman give rise to an inference of discrimination based on his race or age.[3] *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (noting that under both Title VII and the ADEA a plaintiff must demonstrate that the adverse employment "action occurred under circumstances giving rise to an inference of discrimination." (internal citation omitted)). There is no evidence in the record that the pay rate reduction was related to race or age, but was instead based on the defendant's cost-saving measure of reducing discretionary over-scale pay. Regarding the fact that Mr.

---

[3] The relevant facts of the case are set forth in detail in the R&R and will not be recited here.

3

Jarvis was not promoted to foreman, it is undisputed that plaintiff did not take the required safety courses to obtain this position, nor did he apply for the position. (*See, e.g.*, Jarvis Dep. 95-97, Def. Ex. D, ECF No. 38-7.) Finally, the court also agrees that, even if plaintiff could make a prima facie case as to wrongful termination, the record is devoid of evidence that defendant's stated reason for his termination, an overall reduction in the work force during an economic downturn in construction, was pretextual. *See Davey v. Jones*, 371 Fed. Appx. 146, 148 (2d Cir. 2010) (noting that, under Title VII and the ADEA, a plaintiff must show that an employer's stated reasons for an adverse employment "were not its true reasons, but were a pretext for discrimination," and that the ADEA imposes the additional burden that the plaintiff show "that age was the 'but for' cause of the employer's adverse action, and not merely one of the motivating factors.") (internal citations omitted).[4]

---

[4] Plaintiff does cite to the fact that, of the total number of employees terminated from the defendant company from 2007 to 2011, the majority were over the age of 40 at the time of termination. (Pl. Ex. C., ECF No. 39-3.) Defendant argues that this statistic does not take into account the overall the age composition of the company, and James Schwerdt, a superintendent at Campbell & Dawes, avers that defendant does not maintain that global number by age because it is impractical to do so in light of the company's varied workforce at any given time. (Def. Ltr. dated Jan. 27, 2014, ECF No. 45.) While "[t]here is room for debate about whether . . . raw statistical data can ever make out a prima facie case" of age discrimination, *Nicholls v. Philips Semiconductor Mfg.*, 760 F. Supp. 2d 407, 418 (S.D.N.Y. 2011) (collecting cases), there is no evidence at all in the record that defendant's stated business reasons for terminating plaintiff were pretextual and that plaintiff would not have been terminated "but for" his age, *Davey*, 371 Fed. Appx. at 148. *See also Drake v. Delta Air Lines, Inc.*, No. 94-CV-

The court notes that the R&R discusses the steps in the burden-shifting analysis, and states that once a plaintiff establishes a prima facie case and a rebuttable presumption of discrimination, "if the defendant successfully rebuts the presumption of discrimination, 'the plaintiff must prove by a preponderance of the evidence that the defendant's explanations were pretextual.'" (R&R 10 (citing *D'Cunha v. Genovese/ Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007)); *see also* R&R 11, 14.) The "preponderance of the evidence" standard is not applicable when considering a motion for summary judgment. "In the summary judgment context, [the plaintiff's burden to show pretext] means that 'the plaintiff must establish a genuine issue of material fact either through direct, statistical, or circumstantial evidence as to whether the employer's reason for discharging her is false and as to whether it is more likely that a discriminatory reason motivated the employer.'" *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998) (citing *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1225 (2d Cir. 1998)) (emphasis in original omitted); *see also Delville v. Firmenich, Inc.*, 920 F. Supp. 2d 446, 458-59

---

5944, 2005 WL 1743816, at *6 (E.D.N.Y. July 21, 2005) (analyzing "the Second Circuit's treatment of statistical evidence in disparate-treatment claims in employment discrimination cases" and noting that "[s]tatistics alone are insufficient [in this type of claim] because an individual plaintiff must prove that he or she *in particular* has been discriminated against."). As such, plaintiff has not established a genuine issue of material fact as to his wrongful termination claim.

(S.D.N.Y. 2013) (noting that the particular burden-shifting test for ADEA suits is set forth in *Gross v. FBL Financial Services*, 557 U.S. 167 (2009) and that "Plaintiff's job at [the summary judgment] stage is not to convince the Court that it prevails under the *Gross* framework, but rather to show that a genuine issue of material fact exists as to whether it can ultimately do so at trial.").

Nonetheless, Chief Judge Gold's reasoning and thorough marshaling of the evidence stands. For the same reasons stated in the R&R, plaintiff has failed to present evidence that establishes a genuine issue of material fact as to whether he could demonstrate that defendant's stated reasons for reducing plaintiff's over-scale rate, not promoting him to foreman, and ultimately terminating him were pretextual. The R&R is therefore adopted in large part and modified only to clarify the burden shifting analysis to be applied to the motion. Consequently, defendant's motion for summary judgment is granted and the complaint is dismissed. Counsel for defendant is ordered to serve a copy of this Memorandum and Order on

plaintiff at the address listed on the docket sheet and to file proof of service with the court by February 28, 2014. The Clerk of Court is respectfully requested to close the case.

**SO ORDERED.**

Dated:   February 26, 2014
         Brooklyn, New York

>         ___/s/_____
> Kiyo A. Matsumoto
> United States District Judge
> Eastern District of New York